# Court of Appeals
## Tenth Appellate District of Texas

### 10-26-00119-CR

Ex parte Ethan Frederick Hill

On appeal from the
440th District Court of Coryell County, Texas
Judge Grant Kinsey, presiding
Trial Court Cause No. DC-25-24345A

JUSTICE SMITH delivered the opinion of the Court.

**MEMORANDUM OPINION**

On April 2, 2026, Appellant filed a motion to extend the time for filing a notice of appeal pursuant to Texas Rule of Civil Procedure 306a along with a notice of appeal from the trial court's denial of his writ of habeas corpus filed pursuant to Texas Code of Criminal Procedure article 11.072. The trial court's order was signed on December 1, 2025.

The rules of civil procedure do not apply to the denial of a writ of habeas corpus pursuant to article 11.072, as the appeal of a writ is a criminal proceeding. *See* TEX. CODE CRIM. PROC. arts. 11.072, §8; 44.02. Appellant argues that he did not receive notice of the entry of the trial court's judgment

until more than 90 days after the trial court's judgment was signed and sought relief from the trial court pursuant to Rule 306a of the Rules of Civil Procedure, which allows appellate timetables to, in essence, be reset to the date when a party receives notice of the entry of an appealable judgment. *See* Tex. R. Civ. P. 306a. However, even if Appellant did not receive timely notice of the entry of the trial court's judgment, there is no comparable rule in criminal appeals to Rule of Civil Procedure 306a. *See Ex parte Tullett*, No. 05-22-00845-CR, 2024 WL 357257, 2024 Tex. App. LEXIS 727 (Tex. App.—Dallas Jan. 31, 2024, no pet.) (mem. op., not designated for publication); *Peterson v. State*, No. 14-25-01110-CR, 2026 WL 806885, 2026 Tex. App. LEXIS 2612 (Tex. App.—Houston [14th Dist.] Mar. 24, 2026, no pet. h.) (mem. op., not designated for publication); *Giddens v. State*, No. 06-08-00196-CR, 2008 Tex. App. LEXIS 9896, 2008 WL 5627203, at *1 (Tex. App.—Texarkana Oct. 22, 2008, pet. ref'd) (mem. op., not designated for publication). Therefore, the notice of appeal was due within 30 days after the entry of the trial court's judgment. *See* Tex. R. App. P. 26.2(a)(1).

The notice of appeal of the trial court's judgment was not filed within 30 days of the entry of the judgment on December 1, 2025, and thus, it was not timely filed. *See* Tex. R. App. P. 26.2(a)(1). Accordingly, this Court does not

have jurisdiction over this appeal and the appeal is dismissed. Appellant's motion to extend time to file the notice of appeal is denied.

> STEVE SMITH
> Justice

OPINION DELIVERED and FILED: April 9, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Appeal dismissed;
Motion denied
Do not publish
CR25

